# Barnard's Appeal.

A judgment will not be opened, where the same is confessed and given to a conveyancer for the purpose of raising money, because a portion of the money received was never turned over to the defendants in the judgment.

(Decided January 25, 1886.)

Appeal from a decree of the Court of Common Pleas, No. 2, of Philadelphia County. Affirmed.

This was a proceeding instituted by Elizabeth Morris and the Pennsylvania Company for Insurance on Lives and Granting Annuities, trustees under the will of George C. Morris, deceased, and assignee of Elizabeth Morris, executrix of the last will and testament of George C. Morris, deceased, against John Barnard.

Judgment was entered upon a bond with warrant to attorney dated January 28, 1882, for $66,000 conditioned for the payment of $33,000. On November 17, 1883, a rule was entered to open the judgment and let the defendant into a defense. Subsequently, the rule was discharged and this appeal was taken.

On January 26, 1882, John Barnard executed a bond to Elizabeth Morris, executrix, for $66,000, conditioned for the payment of $33,000. The bond was secured by a mortgage on 627 acres of land in Chester county belonging to Barnard. Judgment was duly entered upon the bond, and the rule to open the judgment was asked for on the ground that only $26,300 had ever come into the hands of the defendant, and this through no fault of his.

Barnard had borrowed, prior to 1881, from George C. Morris, $22,000 upon a farm in Chester county, and in that year he desired to purchase another farm and to borrow $11,000 more. He proposed that the mortgage for $22,000 be satisfied and a new one for $33,000 taken. Morris died during the course of the negotiations. They were renewed by the representatives of his estate, and the bond and mortgage for $33,000 executed on January 28, 1882, to the executor of the latter.

Negotiations for the loan were carried on through Robert S.

Cited in note to Bryant v. Hamlin, 3 Pa. Dist. R. 387.

NOTE.—A similar ruling is to be found in Welton v. Littlejohn, 163 Pa. 205, 29 Atl. 871.

Paschall of Philadelphia. When the new loan was agreed upon, it was arranged with Paschall that $5,000 of the $11,000 should be paid at once, and the balance in the following spring when needed. Barnard was to pay, in the meantime, a commission of 1 per cent to secure the money. The bond and mortgage were left with Paschall. As a matter of fact he received only $4,000 from Paschall when it was executed, and, subsequently to that time, $300 more. Paschall, however, received the whole $11,000 from the estate of George C. Morris, but failed to pay the remaining $6,700 to Barnard.

Barnard insisted that Paschall was the representative of the Morris estate, and that he should be compelled to repay only the money he had received with interest. The evidence shows that Barnard had assented to the receipt of the money by Paschall, and had ratified this authority.

The court discharged the rule and this appeal was taken.

*Wayne McVeagh* for appellant.

*Frank B. Pritchard* for appellee.

PER CURIAM:

This is an appeal from the refusal of the court to open a judgment entered by confession, on bond and warrant of attorney. The claim is that a portion of the money, for which the bond was given, never reached the house and the hands of the appellant, and he denies the authority of Paschall to receive the money for him. We think, however, the weight of evidence shows that he was so authorized, and that his act in so doing was afterwards assented to by the appellant and ratified by him.

Decree affirmed and appeal dismissed, at the costs of the appellant.